IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lehman Brothers Holdings Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Hamilton Mortgage Company, <br><br> Defendant. | No. CV 11-1700-PHX-ECV <br><br> **REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE:

Plaintiff has filed a Motion for Default Judgment With Supporting Memorandum of Law and Declaration (Doc. 12) against Defendant Hamilton Mortgage Company, an Arizona Corporation. The undersigned Magistrate Judge issues the following proposed findings of fact and recommended disposition pursuant to Fed.R.Civ.P. 55(b)(2) and 28 U.S.C. § 636:

1. On August 29, 2011, Plaintiff filed a Complaint for Breach of Contract against Defendant (Doc.1, Compl.). Plaintiff alleges in the Complaint that Lehman Brothers Bank, FSB (referred to collectively with Plaintiff as "Lehman"), purchased mortgage loans from Defendant pursuant to written contracts and subsequently assigned its rights under those contracts to Plaintiff (*Id.* ¶ 1). The written contracts, or Loan Purchase Agreements

1   ("Agreements"), specifically incorporated the terms and conditions of the Seller's Guide of
2   Lehman's agent, Aurora Loan Services LLC (*Id.* ¶¶ 9-10). Plaintiff alleges that Lehman, its
3   agents and all assignees, have substantially performed their obligations under the Agreements
4   and Seller's Guide (*Id.* ¶ 24). Plaintiff alleges that Defendant "breached the Agreements and
5   Seller's Guide by selling Breaching Loans to Lehman, breaching the representations,
6   warranties, and/or covenants and refusing and/or otherwise failing to repurchase the
7   Breaching Loans and/or failing to indemnify Lehman" (*Id.* ¶ 25). Plaintiff alleges that
8   Defendant's breaches have resulted in actual and consequential damages (*Id.* ¶ 26).
9   Plaintiff's allegations in the Complaint sufficiently state a claim for relief against Defendant.

10       2.    Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

11       3.    On January 9, 2012 Plaintiff filed Proof of Service of the Summons and
12   Complaint on Defendant on December 13, 2011 (Doc. 8).

13       4.    Defendant has been regularly and duly served.

14       5.    Defendant's time to answer has expired.

15       6.    Defendant has not appeared in the case.

16       7.    A Clerk's Entry of Default was filed on January 12, 2012 (Doc. 11).

17       8.    The well-pleaded factual allegations in Plaintiff's Complaint are admitted.
18   *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007).

19       9.    Plaintiff's Motion is supported by a sworn Declaration of the amount due.

20       10.    Plaintiff is entitled to damages based on a sum certain calculated pursuant to
21   a set contractual formula. The formula for calculating the repurchase price sets damages at
22   the amount the assignor paid for the loans, plus accrued interest due and expenses incurred,
23   less amounts Plaintiff received from payments on the loans or proceeds from their disposition
24   or sale. If the seller is not repurchasing the loan but instead indemnifying Plaintiff for its
25   losses, the contractual formula is used less proceeds of the collateral securing the loan (Doc.
26   12 at 2-3).

27       11.    Plaintiff's damages through the date of Defendant's default is the sum of
28   $464,075.14, plus prejudgment interest as governed by New York law applicable to contract

1 claims at the rate of 9 per cent per annum, resulting in total damages inclusive of
2 prejudgment interest in the amount of $628,367.09 (Doc. 12 at 3).

3     12.    Plaintiff has waived its right to submit a bill of costs pursuant to 28 U.S.C. §
4 1920, Fed.R.Civ.P. 54(d)(1), and LRCiv. 54.1 (Doc. 12 at 3).

5     13.    Plaintiff is entitled to post-judgment interest to be calculated at the highest
6 amount allowed by law.

7 **IT IS THEREFORE RECOMMENDED:**

8 That Plaintiff's Motion for Default Judgment (Doc. 12) should be granted.

9 That Plaintiff should be granted Judgment against Defendant Hamilton Mortgage
10 Company, an Arizona Corporation, in the amount of $628,367.09 inclusive of prejudgment
11 interest, plus postjudgment interest from the date of entry of Judgment at the highest rate
12 allowed by law.

13 This recommendation is not an order that is immediately appealable to the Ninth
14 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
15 Appellate Procedure, should not be filed until entry of the district court's judgment. The
16 parties shall have 14 days from the date of service of a copy of this recommendation within
17 which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R.
18 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties shall have 14 days within which to file a
19 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
20 and Recommendation may result in the acceptance of the Report and Recommendation by
21 the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
22 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
23 ///
24 ///
25 ///
26 ///
27
28

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 2nd day of April, 2012.

_____
Edward C. Voss
United States Magistrate Judge